IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JOEL PATTERSON, JR.,** | CASE NO. 3:21 CV 1437 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **IRS/TREASURY DEPARTMENT,** | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

### INTRODUCTION

*Pro se* Plaintiff Joel Patterson, Jr. ("Plaintiff") has filed a Complaint and Petition in this action (Doc. 1) (hereinafter, "Petition"), seeking a Writ of Mandamus pursuant to 28 U.S.C. § 1361, requiring Defendant-Respondent "IRS/Treasury Department" ("Defendant") to immediately issue him an Economic Income Payment ("EIP" or "stimulus check") to which he contends he is entitled under the Coronavirus Aid, Relief, and Economic Security Act of 2020 (the "CARES Act" or the "Act"). With his Petition, Plaintiff has filed a motion to proceed *in forma pauperis.* (Doc. 2). That motion is granted, but for the reasons stated below, Plaintiff's Petition is dismissed.

### BACKGROUND

Plaintiff is a prisoner incarcerated in the Marion Correctional Institution. He contends he is entitled to a stimulus check under the CARES Act based on *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1047 (N.D. Cal. 2020), wherein a California district court enjoined the IRS and Treasury Department from withholding EIPs under the Act solely on the basis of a person's incarcerated status. *See* Doc. 1, at 2-3, ¶¶ 2-4.

Plaintiff alleges "[r]ecently, [he] applied for stimulus checks [under the Act] and on or about Jan. 27, 2021," he received a letter from an IRS representative advising him the social security number provided with his 2019 individual income tax return matched that of a deceased person. (*Id.* at 3, ¶ 5). The IRS's letter, which Plaintiff has attached to his pleading, advised him that it would deny tax exemptions and credits for persons its records showed as deceased. (Doc. 1-2, at 2). The letter advised Plaintiff to verify the accuracy of the social security number provided, or to correct the information with the Social Security Administration ("SSA") if it was incorrect. *Id.* at 1. The IRS instructed him to provide "a copy of the letter [he received] from the SSA with proof of the correction." *Id*.

Plaintiff does not allege or demonstrate he received such a letter from the SSA. Instead, he "complied with" the IRS's letter "by mailing out verification documents on the morning of Jan. 28, 2021, and had the Ohio Department of Rehabilitation and Correction . . . forward further document of verification to provide that [he is] the Relator, Joel Patterson Jr." (Doc. 1, at 3, ¶ 5).

Contending he is entitled to stimulus payments under the Act, Plaintiff requests a "writ of mandamus forthwith issue directing the Respondent, IRS, Treasury Department to perform its duty to Relator to immediately issue to Relator his stimulus checks." *Id*. at 4, ¶ 7.

STANDARD OF REVIEW AND DISCUSSION

A district court is required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity as soon as possible after docketing, and any complaint filed in federal court *in forma pauperis*, if the Court concludes that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B); 1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Upon review, the Court finds Plaintiff's action must be dismissed.

Federal courts have jurisdiction to grant mandamus relief "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is a drastic remedy, to be invoked only in extraordinary situations where [a] petitioner can show a clear and indisputable right to the relief sought." *In re Parker*, 49 F.3d 204, 206 (6th Cir. 1995). It is available only if: "(1) the plaintiff has a clear right to relief, (2) the defendant has a clear duty to act, and (3) there is no other adequate remedy available to the plaintiff." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011). Mandamus is not an appropriate remedy if the action a petitioner seeks to compel is discretionary. *Id.*

Although Plaintiff is correct the district court's decision in *Scholl* indicates incarcerated individuals are eligible to receive EIPs under the Act, it is clear from the face of his petition that Defendant has no duty to provide him the specific relief he seeks.

As the district court in *Puckett v. U.S. Dept. of Treasury Internal Revenue Service*, recently explained, the relevant portion of the CARES Act amended the Internal Revenue Code to provide for EIPs to be paid directly to eligible individuals through a "tax credit." 2021 WL 2550995, at *2 (N.D. Ohio). The court explained:

> The amount of the credit allocated to eligible individuals is limited based on an eligible individual's adjusted gross income ("AGI"), with phase-outs beginning at $75,000 for individual filers and $150,000 for joint filers. 26 U.S.C. § 6428(c). The credit was to be paid in 2021 based on an individual's 2020 income tax return, see 26 U.S.C. § 6428(a), or as an "advance refund" to be paid on or before December 31, 2020, based on an individual's 2019 income tax return. *See* 26 U.S.C. § 6428(f). If an eligible individual had not filed a 2019 tax return, that individual would still be eligible to receive an advance refund based on that person's 2018 tax return. 26 U.S.C. § 6428(f)(5)(A). If an individual had not filed either a 2019 or a 2018 tax return, the IRS could use information provided in Form SSA-1099 or Form RRB-1099, with respect to that individual receiving social security benefits. 26 U.S.C. §

3

> 6428(f)(5)(B). The IRS indicated that it would calculate and automatically issue an EIP to eligible individuals.
>
> Persons who did not file a tax return for tax years 2018 or 2019 ("non-filers") could go to a web-based portal the IRS set up for non-filers to provide their information in order to receive the EIP advance refund. Individuals who use the non-filer online portal had until October 15, 2020, to register in order to receive the EIP by the December 31, 2020 deadline imposed by the CARES Act. Eligible individuals who did not receive an advance refund could claim their EIP tax rebates by filing a 2020 tax return in 2021.

*Id*.

The court found the Act imposed a December 31, 2020 deadline for EIPs to be made or allowed.[1] After that date, funds in the form of EIPs cannot be advanced, and eligible persons seeking credit under the Act must do so in connection with a 2020 income tax return. *Id*. at *3.

The Petition on its face indicates Plaintiff was not issued a stimulus check prior to the December 31, 2020 deadline established in the Act for issuing such advance payments, and the Defendant has no duty, and in fact cannot, provide Plaintiff the relief he seeks (namely, funds in the form of an EIP or stimulus check) at this time. Rather, because the December 31, 2020 deadline established in the Act for issuing EIPs is now expired (and had expired in January 2021 when Plaintiff alleges he provided "verification" documents to the IRS), if Plaintiff is in fact eligible to receive a tax credit under the Act, he can only obtain it by filing or amending a 2020 tax return. *See id*.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

---

1. Plaintiff acknowledges this point, alleging in his Petition the "Act instructs the IRS to issue advance refunds of 2020 recovery rebate to eligible individuals [as] soon as possible, *but no later than* December 31, 2020." (Doc. 1, at 2-3, ¶ 2) (emphasis added).

ORDERED that – because the Petition does not demonstrate Defendant has a clear duty to act – the Petition is DENIED and this action is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and the Court further

CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE